1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GREG COLEMAN LAW**
Alex R. Straus, Esq. (SBN 321366)
alex@gregcolemanlaw.com
William A. Ladnier, Esq. (SBN 330334)
will@gregcolemanlaw.com
Greg F. Coleman, Esq.
(to be admitted *pro hac vice*)
greg@gregcolemanlaw.com
Adam Edwards, Esq.
(to be admitted *pro hac vice*)
adam@gregcolemanlaw.com
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel.: (865) 247-0080
Fax: (865) 522-0049

*Attorneys for Plaintiffs*
*[Names and addresses of Additional*
*Counsel for Plaintiffs on Signature Page]*

**DLA PIPER LLP (US)**
ISABELLE L. ORD (SBN 198224)
isabelle.ord@dlapiper.com
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500

CHRISTOPHER M. YOUNG (SBN 163319)
christopher.young@dlapiper.com
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel: 619.699.2700

*Attorneys for Defendant*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JULIAN, MARK PACANA, PAUL FISKRATTI, and WAYNE LEWALD, on Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>vs.<br><br>TTE TECHNOLOGY, INC., dba TTE NORTH AMERICA,<br><br>Defendant. | Case No. 3:20-CV-02857-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT PURSUANT TO FED. R. CIV. PROC. 26(f) & [PROPOSED] ORDER**<br><br>Date:　　　October 9, 2020<br>Time:　　　1:30 p.m.<br>Ctrm:　　　5 – 17th Floor<br>Judge:　　　Hon. Edward M. Chen |

The parties to the above-entitled action jointly submit this JOINT CASE

MANAGEMENT STATEMENT & PROPOSED ORDER pursuant to the *Standing Order for All*

*Judges of the Northern District of California* and Civil Local Rule 16-9.

## 1.  JURISDICTION AND SERVICE

This Court has subject matter jurisdiction over this matter via the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).  The parties agree that the Court has personal jurisdiction and that venue is proper. No parties remain to be served. Defendant has raised issues regarding Plaintiffs' Article III standing in its Motion to Dismiss (ECF 27), which Plaintiffs have opposed (ECF 33).

## 2.  FACTS

**Plaintiffs' Statement:**

Plaintiffs allege Defendant misrepresents the refresh rates (Hz) of its televisions, through the false pretense that the televisions' refresh rate (Hz) can be doubled by a flickering backlight.

To create the appearance of a moving picture, a television's panel displays still images in rapid succession. The frequency that the panel can display new image data per second is called the television's "refresh rate" and is indicated by the label Hz. For example, if the pixels can be updated 60 times per second (the default and basic television refresh rate), the refresh rate is 60Hz; if the pixels can be updated 120 times per second, the refresh rate is 120 Hz.

All televisions have a refresh rate expressed in Hz—it is an inherent function and a significant technical specification. A higher refresh rate (Hz) gives a television the capability to display more images per second. This allows the full rendering of high frame content—for example, action movies, sporting events, and video games—and also can reduce motion blur.

Increasing a television's refresh rate (Hz) is an expensive and significant technological accomplishment, often requiring television manufacturers to use advanced technology and high-end materials. So, some television manufacturers have turned to a cheaper and less effective method of addressing motion blur: backlight scanning. Backlight scanning is a general term that indicates the backlight is not on constantly; instead, the panel's backlight turns on and off (or portions of the backlight turn on and off) during the time a single image is being presented. The refresh rate (Hz) of a display panel is unrelated to any backlight scanning that may, or may not, be present. Backlight scanning has no effect on refresh rate (Hz), offers no ability to increase refresh rate (Hz) and, as such, has no impact on a television's ability to fully render high-frame

1 content. That is, a display panel with a 60Hz refresh rate has a refresh rate of 60Hz regardless of

2 any backlight scanning that is performed because the backlight scanning function, however

3 performed, lacks any relation to updating the pixels.

4       Nonetheless, TTE used backlight scanning and then advertised televisions with claims of

5 a higher refresh rate (Hz), even though they did not implement the more expensive technology

6 that would have legitimately allowed them to make that claim. TTE marketed the technical

7 specifications of its televisions with 60Hz display panels as having a refresh rate of "120 Hz",

8 even though these televisions were not 120Hz. TTE's marketing of the 60Hz refresh rate

9 televisions as having a "120Hz Clear Motion Index (CMI) effective refresh rate" is misleading

10 and untrue.

11       Each of the named Plaintiffs purchased their TTE televisions under and a result of these

12 false pretenses. As a result of these misrepresentations, each of the named Plaintiffs purchased a

13 television claiming to have a refresh rate (Hz) of twice its actual refresh rate (Hz), and each of

14 the named Plaintiffs paid more for that television than they would have absent TTE's

15 misrepresentations.

16       **Defendant's Statement:**

17       TTE provides high-quality TVs at competitive prices through retailers like Amazon,

18 BestBuy, and Walmart.  TTE's TVs consistently receive glowing reviews from consumers and

19 experts alike, often beating higher-priced competitors in picture quality.  One of TTE's most

20 remarkable innovations is the development and implementation of its "backlight scanning"

21 technology.  Backlight scanning, which reduces motion blur, refers to the process of flashing the

22 backlight to "black out" a portion of the image between frames.  While Plaintiffs conclude that

23 backlight scanning has "no effect on refresh rate," the backlight scanning process they describe

24 does increase the number of images displayed per second. A TV with a native panel capable of

25 displaying 60 images per second without backlight scanning can display 120 images per second

26 if the backlight flashes the appropriate number of times in sync with the images. Through this

27 process, TTE's TVs display 120 images per second, which TTE calls "120 Hz Clear Motion

28 Index (CMI) Effective Refresh Rate."

1    Each of Plaintiffs' claims is based on unreasonable assumptions about a complex

2  technical TV specification—namely, the "120Hz Clear Motion Index (CMI) Effective Refresh

3  Rate." According to Plaintiffs, "Hz" is the measurement of TV "refresh rates," which they define

4  as the frequency at which "new image data can be displayed on a panel per second" and the

5  frequency at which "a display is capable of updating pixel values."  Plaintiffs allege that TTE

6  inflates the true "60Hz" refresh rates of its TVs through backlight scanning technology.  In

7  making this claim, Plaintiffs conclude that backlight scanning does not actually affect the Hz

8  measurement because Hz carries a specific meaning which cannot be qualified or limited.  Not

9  only do these allegations fail to establish any actionable misrepresentation upon which Plaintiffs

10  could base their claims, but they highlight the faulty premise upon which Plaintiffs' putative

11  class action relies—that reasonable consumers are free to ignore the complete information

12  presented to them in TTE's 120Hz CMI Effective Refresh Rate disclosure, and to claim to have

13  been deceived based on just certain isolated terms without regard to the surrounding language or

14  context.

15    TTE has marketed TVs that display 120 images per second through the use of backlight

16  scanning as having a "120Hz Clear Motion Index (CMI) Effective Refresh Rate" or "120Hz

17  CMI."  While the Plaintiffs acknowledge the actual specification promised, they principally

18  allege that TTE promoted an unqualified "120Hz Refresh Rate."  But this contention is simply

19  false.  TTE does not advertise its TVs as having an unqualified "120Hz Refresh Rate."  Thus,

20  TTE denies that its advertising was inaccurate or misleading and contends that the TVs that

21  Plaintiffs and the putative class purchased were accurately and lawfully marketed and sold.  As a

22  result, TTE seeks dismissal of Plaintiffs' claims.

23    **3.  LEGAL ISSUES**

24    The Parties believe disputed points of law will include:

25      a.  Whether TTE's refresh rate (Hz) advertising is false or misleading.

26      b.  Whether TTE's advertised Hz refresh rates violated California's Unfair

27       Competition Law ("UCL"), California's False Advertising Law ("FAL"), and

28       California's Consumer Legal Remedies Act ("CLRA"), Civil Code § 1770,

by, *inter alia*, advertising its televisions as using technology that they actually do not.

c.  Whether TTE violated New Jersey's Consumer Fraud Act, § 56:8-1, *et seq.*, by misrepresenting the technology of their televisions.

d.  Whether TTE has been unjustly enriched.

e.  Whether Plaintiffs can maintain a nationwide class of purchasers under the California's Unfair Competition Law, False Advertising Law, and/or Consumer Legal Remedies Act.

f.  Whether Plaintiffs can pursue equitable claims.

g.  Whether Plaintiffs have standing to pursue injunctive relief.

h.  Whether Plaintiffs will be entitled to punitive damages.

## 4.  MOTIONS

As of the date of this filing, TTE has moved to dismiss Plaintiffs' First Amended Complaint. That motion is fully briefed and is scheduled to be heard on October 9, 2020.

Plaintiffs anticipate filing a motion for class certification. Defendant may also file a motion for summary judgment.  Both Parties anticipate filing various pretrial motions, such as *Daubert* motions.

## 5.  AMENDMENT OF PLEADINGS

The Parties propose a deadline of 30 days from the ruling on Defendant's Motion to Dismiss to amend the pleadings.

Plaintiffs also note that the Defendant's "DBA" was incorrectly named as "TTE NORTH AMERICA" in the First Amended Complaint – the correct name is "TCL NORTH AMERICA."

## 6.  EVIDENCE PRESERVATION

Counsel for the Parties certify that they have reviewed this District's Electronically Stored Information ("ESI") Guidelines.  During the August 27, 2020, Fed. R. Civ. P. 26(f) conference, counsel discussed confidentiality, evidence preservation and ESI in an effort to reach agreement on these important discovery issues. The Parties continue to work through this District's checklist for Rule 26(f) meet and confer regarding electronically stored information

1  and are negotiating relevant evidence preservation parameters in anticipation of submitting

2  proposed Orders pertaining to stipulated protective criteria and the production of ESI.

3     **7.  DISCLOSURES**

4     The Parties exchanged initial disclosures on October 2, 2020.

5     **8.  DISCOVERY**

6  No discovery has been taken to date. The Parties do not propose any limitations or

7  modifications of the discovery rules at this time, and anticipate agreeing to the terms of a

8  protective order in the near future.

9     **9.  CLASS ACTION**

10    **Plaintiffs' Statement:**

11    Plaintiffs are pursing this case as a class action under Fed. R. Civ. P. 23(b)(2) and (b)(3),

12 and seek certification of a class of all purchasers of TTE televisions labeled has having a refresh

13 rate (Hz) twice as high as its actual refresh rate (Hz), during the class period.

14    Plaintiffs, in the alternative, seek certification of 1) all individuals who, during the class

15 period, purchased a TTE televisions labeled has having a refresh rate (Hz) twice as high as its

16 actual refresh rate (Hz) in California; and 2) all individuals who, during the class period,

17 purchased a TTE televisions labeled has having a refresh rate (Hz) twice as high as its actual

18 refresh rate (Hz) in New Jersey.

19    To support Plaintiffs' request for class certification, Plaintiffs anticipate utilizing

20 evidence of Defendant's advertising campaign, including representations on websites, product

21 packaging, and point of sale, to establish the representations regarding Defendant's televisions'

22 refresh rates (Hz) were made generally to the entire class. Plaintiffs do not believe there will be a

23 genuine, material dispute regarding the uniformity of these representations. Further, Plaintiffs

24 anticipate potentially utilizing Defendant's internal documents regarding the pervasiveness of

25 these representations; Defendant's communications with retailers regarding these

26 representations; and evidence regarding the falsity of these representations. Plaintiffs also

27 anticipate utilizing expert testimony regarding the viability of a damages model to support their

28 motion for class certification.

    **Defendant's Statement:**

TTE denies that class treatment is appropriate and will oppose class certification.

## 10. RELATED CASES

The Parties are not currently aware of any related cases.

## 11. RELIEF

Plaintiffs seek damages on a number of grounds. Plaintiffs seek a declaratory judgment that Defendant violated California's Unfair Competition Law, False Advertising Law, and Consumer Legal Remedies Act, as well as a declaratory judgment that Defendant violated New Jersey's Consumer Fraud Act. *Via* those laws, Plaintiffs seek their actual and statutory damages, including restitution, disgorgement of profits, and enhanced and punitive damages where available. Plaintiffs also seek restitution of funds that unjustly enriched Defendant, through its misrepresentations.

The bases for these calculations will be the subject of expert opinion, and will depend on discovery that is solely in Defendant's possession, including financial and sales information.

Defendant denies that Plaintiffs are entitled to any monetary damages, equitable restitution, or injunctive relief whatsoever.

## 12. SETTLEMENT AND ADR

The Parties prefer to discuss ADR selection with the Assigned Judge at the upcoming Case Management Conference. As of the date of this filing, the parties have not had substantive communications regarding the resolution of this action.

## 13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The Parties do not all consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

## 14. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

## 15. NARROWING OF ISSUES

Defendant's Motion to Dismiss Plaintiffs' First Amended Complaint may narrow the issues in this case. The parties do not currently see issues available for narrowing by agreement or motion.   Defendant reserve the right to bring a motion for summary judgment/adjudication.

**16. EXPEDITED TRIAL PROCEDURE**

This is not the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**17. SCHEDULING**

The Parties propose the following schedule:

| Event | Proposed Deadline |
|---|---|
| Initial Disclosure exchange | Exchanged on 10/02/2020 |
| Deadline to add parties | 30 days after ruling on Motion to Dismiss |
| Completion of initial ADR session | 5/31/2021 |
| Plaintiffs' Motion for Class Certification | 07/12/2021 |
| Defendant's Opposition to Motion for Class Certification | Plaintiffs: 30 days after Motion is filed<br>Defendant: 08/23/2021 |
| Plaintiffs' Reply in support of Motion for Class Certification | Plaintiffs: 21 days after Opposition is filed<br>Defendant: 09/20/2021 |
| Close of Fact Discovery | 10/07/2021 |
| Opening Expert Disclosures | 10/07/2021 |
| Hearing on Motion for Class Certification | Plaintiffs: 14 days after Motion is fully briefed, or as so thereafter as may be heard by the Court<br>Defendant: 10/21/2021, or as so thereafter as may be heard by the Court |
| Rebuttal Expert Disclosures | 10/28/2021 |
| Dispositive Motion deadline | 10/28/2021 |
| Opposition to Dispositive Motion | 11/19/2021 |
| Reply in support of Dispositive Motion | Plaintiffs: 11/29/2021<br>Defendant: 12/09/2021 |
| Close of Expert Discovery | 11/18/2021 |

| Event | Proposed Deadline |
|---|---|
| Dispositive Motion hearing | Plaintiffs: 12/09/2021, or as so thereafter as may be heard by the Court<br><br>Defendant: 12/23/2021 |
| Pretrial Conference | 02/15/2022 |
| Trial | 03/14/2022 |

**18. TRIAL**

This case will be tried to a jury, and the Parties anticipate that trial will take approximately 7 days.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Parties have made their Civil L.R. 3-15 disclosures, and disclosed that no other entity had any interest in the outcome of this proceeding.

**20. PROFESSIONAL CONDUCT**

All attorneys of record have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21. OTHER**

The Parties are not aware of any other matters to bring to the Court's attention at this time.

Dated this 5th day of October, 2020

*/s/Charles J. Crueger*     */s/Isabelle L. Ord*

**CRUEGER DICKINSON LLC**   **DLA PIPER LLP (US)**

Charles J. Crueger, Esq.     ISABELLE L. ORD (SBN 198224)

(admitted *pro hac vice*)      isabelle.ord@dlapiper.com

cjc@cruegerdickinson.com    555 Mission Street, Suite 2400

Erin K. Dickinson, Esq.     San Francisco, CA 94105-2933

(admitted *pro hac vice*)      Tel: 415.836.2500

ekd@cruegerdickinson.com

Ben Kaplan, Esq.       CHRISTOPHER M. YOUNG (SBN

(admitted *pro hac vice*)      163319)

bak@cruegerdickinson.com    christopher.young@dlapiper.com

4532 North Oakland Avenue   401 B Street, Suite 1700

Whitefish Bay, WI 53211    San Diego, CA  92101-4297

Tel.: (414) 210-3868                         Tel: 619.699.2700

*Attorneys for Defendant*

**GREG COLEMAN LAW**
Alex R. Straus, Esq. (SBN 321366)
alex@gregcolemanlaw.com
William A. Ladnier, Esq. (SBN 330334)
will@gregcolemanlaw.com
Greg F. Coleman, Esq.
(admitted *pro hac vice*)
greg@gregcolemanlaw.com
Adam Edwards, Esq.
(to be admitted *pro hac vice*)
adam@gregcolemanlaw.com
800 S. Gay Street, Suite 1100
Knoxville, TN 37929
Tel.: (865) 247-0080
Fax: (865) 522-0049

**HUDOCK LAW GROUP, S.C.**
Luke P. Hudock (admitted pro hac vice)
lphudock@law-hlg.com
P.O. Box 83
Muskego, WI 53150
Tel.: (414) 526-4906

*Attorneys for Plaintiffs*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## [PROPOSED] CASE MANAGEMENT ORDER

The above JOINT CASE MANAGEMENT STATEMENT is approved as the Case Management Order for this case and all parties shall comply with its provisions. [In addition, the Court makes the further orders stated below:]

IT IS SO ORDERED.

Dated:

_____

UNITED STATES DISTRICT JUDGE