UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER JULIAN, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TTE TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 20-cv-02857-EMC<br><br>**FINAL APPROVAL ORDER AND ORDER OF DISMISSAL**<br><br>Docket No. 146 |

The Court having held a Final Approval Hearing on January 19, 2023, notice of the Final Approval Hearing having been duly given in accordance with this Court's Order Certifying Provisional Settlement Class, Preliminarily Approving Class Action Settlement, and Providing for Notice to the Settlement Class ("Preliminary Approval Order"), and having considered all matters submitted to it at the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Final Approval Order and Order of Dismissal, and good cause appearing therefore, and for the reasons stated by the Court on the record,

It is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1. The Settlement Agreement dated June 15, 2022, including exhibits (the "Agreement"), and the definition of the words and terms contained therein, are incorporated by reference in this Order.

2. The Court has jurisdiction over the subject matter of the Action and over the Parties, including all members of the following Settlement Class certified for settlement purposes only in this Court's Preliminary Approval Order:

All individuals who, from April 24, 2016 to December 31, 2021,

purchased a new TCL Television marketed as having a "Hz" rating twice as high as its native panel refresh rate (Hz) in the State of California.

Excluded from the Settlement Class are all persons who validly opt out of the Settlement in a timely manner; governmental entities; counsel of record (and their respective law firms) for the Parties; Defendant and any of its parents, affiliates, subsidiaries, independent service providers and all of their respective employees, officers, and directors; the presiding judge in the Action or any judicial officer presiding over the matter, and all of their immediate families and judicial staff; and any natural person or entity that entered into a release with Defendant prior to the Effective Date concerning the Televisions.

3. The Settlement Administrator determined that no persons timely and validly opted out of the Settlement and, thus, are excluded from the Settlement Class. *See* Declaration of Brian Devery, attached to Plaintiffs' Motion for Final Approval as "**Exhibit 1**."

4. The Court hereby finds that the Agreement is the product of arm's-length negotiations among and between Plaintiffs, Class Counsel, and Defendant.

5. This Court now gives final approval to the Agreement, and finds that the Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The settlement consideration provided under the Agreement constitutes fair value given in exchange for the release of the Released Claims against the Discharged Parties. The Court finds that the consideration to be paid to Settlement Class Members is reasonable, and in the best interests of the Settlement Class Members, considering the total value of their claims compared to (i) the disputed factual and legal circumstances of the Action, (ii) defenses asserted in the Action, and (iii) the potential risks and likelihood of success of pursuing litigation on the merits. The complex legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arm's-length negotiations between the Parties all support this finding. The Court finds that these facts, in addition to the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Agreement, implicit or otherwise.

6. The Court has considered the factors relevant to class action settlement approval,

1  including: (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and views of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015).

7. The Court finds that the requirements of Rule 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for certification of the Settlement Class for settlement purposes only because: Settlement Class Members are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representative are typical of the claims and defenses of the Settlement Class he represents; the Class Representative has fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class he represents; common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.

8. The Court hereby finds and concludes that Class Notice was disseminated to members of the Settlement Class in accordance with the terms set forth in Section IV of the Agreement and complied with this Court's Preliminary Approval Order.

9. The Court further finds and concludes that the Class Notice and Claims submission procedures set forth in Sections III through IV of the Settlement Agreement and further stated in the Declaration of Jonathan King, fully satisfy Rule 23 of the Federal Rules of Civil Procedure and the requirements of due process, were the best notice practicable under the circumstances, provided notice to members of the Settlement Class who could be identified through reasonable effort and support the Court's exercise of jurisdiction over the Settlement Class as contemplated in the Settlement and this Order.

10. The Court finds that the Parties properly and timely notified the appropriate

1  government officials of the Settlement Agreement, pursuant to the Class Action Fairness Act of
2  2005 ("CAFA"), 28 U.S.C. § 1715.

3      11.    Accordingly, the Agreement is hereby finally approved in all respects, and the
4  Court certifies the above-referenced Settlement Class.

5      12.    The Parties are hereby directed to further implement the Agreement according to its
6  terms and provisions, but may agree to reasonable extensions of time to carry out any provisions
7  of the Agreement without further order from the Court. The Agreement is hereby incorporated into
8  this Final Approval Order and Order of Dismissal in full and shall have the full force of an Order
9  of this Court.

10      13.    The Court reserves jurisdiction over all matters arising out of the Agreement.

11      14.    Plaintiff and the Settlement Class hereby fully release and discharge Defendant and
12  all its present and former parent companies, subsidiaries, shareholders, officers, directors,
13  employees, agents, servants, registered representatives, affiliates, successors, personal
14  representatives, heirs and assigns, retailers, suppliers, distributors, endorsers, consultants, and any
15  and all other entities or persons upstream and downstream in the production/distribution channels
16  (together, the "Discharged Parties") from all claims, demands, actions, and causes of action of any
17  kind or nature whatsoever, whether at law or equity, arising under federal, state, or local law, that
18  Plaintiff or Settlement Class Members ever had, now have, or may have against the Discharged
19  Parties in any other court, tribunal, arbitration panel, commission, or agency, or before any
20  governmental and/or administrative body, or any other adjudicatory body, on the basis of,
21  connected with, or arising from the Discharged Parties' representations, advertising, marketing
22  and/or sales of the Televisions during the Class Period relating in any way to the refresh rate
23  and/or effective refresh rate of the Televisions, and the claims alleged in the operative complaint
24  in the Action. This is notwithstanding that Plaintiff and the Settlement Class acknowledge that
25  they may hereafter discover facts in addition to or different from those that they now know or
26  believe to be true concerning the subject matter of the Action and/or the Released Claims herein.
27  The Released Claims shall include, but are not limited to, all claims that have or could have been
28  asserted by any or on behalf of any Settlement Class Member in this Action and that are based on

the same factual predicate as the Action.

15. In addition, any rights of the Plaintiff to the protections afforded under Section 1542 of the California Civil Code and/or any other similar, comparable or equivalent laws, are terminated.

16. Each and every Settlement Class Member, and any person actually or purportedly acting on behalf of any Settlement Class Member(s), is hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, prosecuting or enforcing any Released Claims (including, without limitation, in any individual, class or putative class, representative or other action or proceeding), directly or indirectly, in any judicial, administrative, arbitral, or other forum, against the Discharged Parties. This permanent bar and injunction is necessary to protect and effectuate the Agreement, this Final Approval Order and Order of Dismissal, and this Court's authority to effectuate the Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments.

17. The Agreement (including, without limitation, its exhibits), and any and all negotiations, documents and discussions associated with it, shall not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation or principle of common law or equity, of any liability or wrongdoing, by Defendant, or of the truth of any of the claims asserted by Plaintiffs in the Action, and evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of enforcing the terms and conditions of the Agreement, the Preliminary Approval Order and/or this Order.

18. If for any reason the Agreement terminates or Final Approval does not occur, then certification of the Settlement Class shall be deemed vacated. In such an event, the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification issues, and the Parties shall return to the status quo ante in the Action, without prejudice to the right of any of the Parties to assert any right or position that could have been asserted if the Settlement had never been reached or proposed to the Court.

19. In the event that any provision of the Agreement or this Final Approval Order and

5

1  Order of Dismissal is asserted by Defendant as a defense in whole or in part to any cause of action, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, or proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action or other proceeding shall be immediately stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion. Solely for purposes of such suit, action, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court, or that the Court is, in any way, an improper venue or an inconvenient forum. These provisions are necessary to protect the Agreement, this Order and this Court's authority to effectuate the Agreement, and are ordered in aid of this Court's jurisdiction and to protect its judgment.

20. The Court approves Class Counsel's application for $725,000 in attorneys' fees and for $148,085 in costs.

21. The Court approves a service award to Class Representative Paul Fiskratti in the amount of $2,500.00.

22. No later than 30 calendar days after the Settlement Awards are distributed to the Settlement Class Members who submitted timely and valid Claim Forms, Plaintiffs shall file a Post-Distribution Accounting, which includes, to the extent possible, the information required under Northern District of California Procedural Guidance for Class Action Settlements, and post the same on the Settlement Website. This Final Order and Order of Dismissal, and any Final Judgment to be entered hereon, shall also be posted on the Settlement Website.

23. Without affecting the finality of this Final Approval Order and Order of Dismissal, or any Final Judgment to be entered hereon, the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement, and interpretation of the Agreement.

24. The Court overrules any and all objections to the Settlement submitted by Settlement Class Members.

25. Plaintiffs Wayne Lewald's and Mark Pacana's claims are dismissed without prejudice and without costs to any party except as expressly provided for in the Agreement.

26. This Court hereby otherwise dismisses the Action with prejudice, without costs to any party, except as expressly provided for herein and in the Agreement.

27. As stated in the parties' supplemental brief at Docket No. 133, the settlement agreement releases only the California claims. The New Jersey claims are not part of the release and instead are being dismissed without prejudice. The parties shall work with the settlement administrator to post language on the settlement website, providing a clear and concise statement that the New Jersey claims are being dismissed without prejudice and that the statute of limitations is running on those claims.

This order disposes of Docket No. 146. The Clerk shall enter Judgment and close the case.

**IT IS SO ORDERED**.

Dated: January 23, 2023

_____
EDWARD M. CHEN
United States District Judge